UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. __22mj03419 Goodman__

UNITED STATES OF AMERICA

vs.

MILEY PAUL DELANEY and
CHRIS LEE SHEPARD,

      Defendants.
_____/

FILED BY ____ER____ D.C.

Aug 19, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?    No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?    No

                                                Respectfully submitted,
                                                JUAN ANTONIO GONZALEZ
                                                UNITED STATES ATTORNEY

BY:   /s/Jonathan Bailyn
        JONATHAN BAILYN
        Assistant United States Attorney
        Court ID No. A5502602
        99 Northeast Fourth Street, 6th Floor
        Miami, Florida 33132-2111
        Phone: (305) 961-9071
        jonathan.bailyn@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>MILEY PAUL DELANEY and<br>CHRIS LEE SHEPARD,<br><br>_Material Witnesses_ | )<br>)<br>)  Case No. 22mj03419 Goodman<br>)<br>)<br>) |

**MATERIAL WITNESS COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  August 15, 2022  in the county of  Miami-Dade  in the
 Southern  District of  Florida, and elsewhere , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 3144 | Being a material witness in a criminal proceeding, whose presence may become impracticable to secure by subpoena, and therefore whose presence is required at a deposition. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature

Genesis Eusebio, Special Agent, HSI
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by  Face Time 

Date: 8/19/2022

_____
Judge's signature

City and state:   Miami, Florida   Hon. Jonathan Goodman, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF MATERIAL WITNESS

I, Genesis Eusebio, being duly sworn, do depose and say:

## INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Special Agent ("SA") with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), in Miami, Florida, and have been so employed since March 2019. I am currently assigned to the Human Smuggling Group, where I am responsible for conducting investigations of immigration law and related federal criminal statutes as contained in the United States Code. Prior to my employment with HSI, I was employed with U.S. Customs and Border Protection ("CBP") from May 2016 through March 2019. I have completed the Criminal Investigator Training Program, HSI Special Agent Training Program, and the CBP Officer Basic Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. This training included investigative techniques and the application and execution of search, arrest, and seizure warrants for violations of federal laws, including violations of the Immigration and Nationality Act.

2. The statements contained in this Affidavit are based upon my own personal knowledge gathered during my participation in this investigation as well as information I have received from other State and Federal law enforcement officers and agents.

3. I submit this Affidavit to establish probable cause for the issuance of material witness warrants for Miley Paul DELANEY and Chris Lee SHEPARD, who are in the custody of ICE, Enforcement and Removal Operations, and are pending removal or other immigration legal processing, due to their status as undocumented noncitizens.

4. Specifically, I respectfully submit that there is probable cause to believe that the testimony of DELANEY and SHEPARD are material to the prosecution of Clifford Allen MEADOWS for encouraging and inducing aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be a violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) and (v)(II). A criminal complaint against MEADOWS has been filed at *United States v. Meadows*, Case No. 22-MJ-03380-Goodman (S.D. Fla.).

5. Because this Affidavit is submitted for the limited purpose of securing the issuance material witness warrants, I have not included each and every fact known to me, or other law enforcement officers or agents involved in this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

## **PROBABLE CAUSE**

6. On or about August 15, 2022, Aventura Police Department officers and HSI SAs were on patrol when they discovered a vessel approximately four nautical miles from Haulover Inlet, in Miami, Florida (the "SUSPECT VESSEL"). The SUSPECT VESSEL was a 31' Contender. The Aventura PD officers and HSI SAs requested assistance from agents with U.S. Border Patrol who were patrolling in a vessel nearby.

7. Law enforcement approached the SUSPECT VESSEL, stopped it, and searched it. The operator of the SUSPECT VESSEL was identified as MEADOWS. There were eight other people on board, one of whom was a minor. Each of the passengers were identified as foreign nationals: six were from the United Kingdom and two were from Ireland.

8. During the search of the SUSPECT VESSEL, law enforcement found a loaded Glock semi-automatic firearm and a bundle of approximately $34,000 in U.S. currency, both of

2

which were concealed inside a backpack within arms' reach of MEADOWS. The U.S. currency was broken into smaller bundles.



9. The GPS system in the SUSPECT VESSEL showed multiple trips between Bimini, the Bahamas and Miami, Florida.

3

10. Law enforcement transferred MEADOWS to the Dania Beach Border Patrol Station and transferred the eight passengers to a U.S. Coast Guard cutter for biometric checks. The results of these checks confirmed that none of the passengers had visas or were otherwise authorized to enter the United States.

11. Law enforcement interviewed the seven adult passengers, including a second interview with DELANEY and SHEPARD on August 16, 2022. The interviews with DELANEY and SHEPARD were audio-recorded.

12. During his interview, DELANEY said that he flew from the United Kingdom to the Bahamas on August 11, 2022, and met MEADOWS on or about August 14, 2022, to be taken to the United States. DELANEY said that MEADOWS did not have room on his boat that day, however, as there were already people aboard. MEADOWS told DELANEY that he would return to pick him up the next day, August 15, 2022. SHEPARD, during his interview, also said that he flew from the United Kingdom to the Bahamas on August 11, 2022. SHEPARD said he was supposed to be taken to the United States on August 13, 2022, and then August 14, 2022, but that his departure date was postponed to August 15, 2022.

13. Both SHEPARD and DELANEY said that they and the other six passengers each paid MEADOWS approximately $4,000 in U.S. currency upon boarding the boat. During the trip, SHEPARD and DELANEY said, MEADOWS directed the passengers to turn off their phones and to stay seated until they arrived in the United States.

14. I believe that SHEPARD and DELANEY's lack of lawful entitlement to remain in the United States, as well as their pending removal to the United Kingdom, make them a risk of flight and makes it impractical to secure their presence by subpoena for future proceedings in the case of *United States of America v. Clifford Allen Meadows*. Therefore, their arrest and subsequent

detention is necessary to preserve their testimony pursuant to Title 18, United States Code, Section 3144.

## CONCLUSION

15. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that the testimony of Miley Paul DELANEY and Chris Lee SHEPARD is material to the prosecution of Clifford Allen MEADOWS.

**FURTHER AFFIANT SAYETH NAUGHT.**

GENESIS EUSEBIO, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements
of Fed. R. Crim. P. 4.1 by FaceTime this 19th day of August 2022.

HONORABLE JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE